JUDGE ELLIOTT
delivered the opinion oe the court.
This suit was brought by appellee as guardian of Kephart, on an old note for $310.77, due September 4, 1875, and executed by appellant to Thomas Kephart, guardian of Lucy Kephart.
As a defense to the action the appellant alleged that the note sued on was executed in lieu of a note executed to Jacob Kephart, the father of Lucy Kephart, on the 13th of December, 1866, and for the sum of $385.62, and due one day after date.
He sets up various credits to which he was entitled on the Jacob Kephart note, all of which, he says, were indorsed on the note, except one for $208. This sum he says was paid to Jacob Kephart in June of 1871 or 1872. He says that the note sued on, which was executed to Thomas Kephart, guardian of Lucy Kephart, was given for $208 more than he owed -the estate of Jacob Kephart, and that the note should have been executed for the real balance due, which was $53.98. He charges that the execution of the note to Thomas Kephart for $310.77 instead of $53.98, the amount which he really owed the estate of Jacob Kephart, was done by mistake or oversight, which he asks the court to correct.
To this answer a demurrer was sustained; and on appellant’s failure to answer, further judgment was rendered against him for the amount of the note.
If the defendant’s plea be true, the consideration of the note for $310.77 was only $53.77, and the note sued on given for $208 more than appellant owed was by mistake, and its truth is conceded by the demurrer.
In 7 J. J. Marshall, 175, and Coger’s ex’rs v. McGee, 2 Bibb, 323, and various rulings since, this court has corrected *174 mistakes similar to the one set up by appellant in this suit. We are therefore of the opinion that the demurrer to appellant’s answer should have been overruled.
Wherefore the.judgment is reversed, and cause remanded with directions to overrule the demurrer to appellant’s answer, and for further proceedings consistent with this opinion.